UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAMS D. EDWARDS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3223** |
| **SMITTY'S SUPPLY, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendants Smitty's Supply, Inc., Ed Smith, and Jimmy Ellis.[1] Plaintiff opposes the motion.[2] The Court has considered the briefs, the record, and the applicable law. For the reasons stated herein, the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On August 4, 2015, Plaintiff William D. Edwards, who is proceeding in this action pro se, filed a complaint for damages, praying for relief against the aforementioned Defendants under a variety of federal and state laws.[3] Specifically, Plaintiff asserts a number of due process and civil rights violations, as well as miscellaneous violations of Louisiana Civil Code provisions, against Smitty's Supply, Inc. ("Smitty's Supply"), Ed Smith, and Jimmy Ellis (collectively, "the Defendants").[4] In substance, Plaintiff alleges he worked for Defendant Smitty's Supply from February 2014 through August 2014 and, during his tenure, experienced "racial slurs" and "behavior with distinctly racial

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 1. Plaintiff filed suit pursuant to 42 U.S.C. §§ 1915, 1981, 1982, 1983, and 1988 "for conspiracy to deprive and for the deprivation and denial of rights and privileges secured to Plaintiff, William D. Edwards, by the 14th Amendment to the U.S. Constitution, the Civil Rights Act of 1866, and the statutes of the State of Louisiana." R. Doc. 1 at 1.
[4] R. Doc. 1 at 6.

1

overtones."[5] According to Plaintiff, Defendants Ellis and Smith were employed by Smitty's Supply and engaged in certain conduct which contributed to the "discriminatory animus" he allegedly experienced.[6]

On September 29, 2015, the Defendants filed a motion to dismiss, seeking the dismissal of Plaintiff's complaint on several grounds.[7] Defendants base their motion on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[8] In particular, Defendants assert the following as grounds for the dismissal of Plaintiff's complaint: (1) Plaintiff has failed to state a federal law claim upon which relief can be granted against them; (2) that insofar as Plaintiff attempts to allege violations of Title VII, Plaintiff has failed to state a claim upon which relief can be granted under Title VII; (3) that alternatively, any such Title VII claims are not ripe; and (4) Plaintiff's constructive discharge allegations fail as a matter of law.[9]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[10] "Factual allegations must be enough to raise a right to relief above the speculative level."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[5] R. Doc. 1 at 4.
[6] R. Doc. 1 at 4–6.
[7] R. Doc. 6.
[8] Defendants argue the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has also failed to state a claim upon which relief can be granted. *See generally* R. Docs. 6, 6-1.
[9] R. Doc. 6-1 at 1–6.
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[11] *Twombly*, 550 U.S. at 555.

its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] However, the court does not accept as true legal conclusions or mere conclusory statements.[14]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[15] However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[16] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— that the pleader is entitled to relief."[17] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[18]

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."[19] As a result, the Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[20]

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[13] *Id.*
[14] *Id.*
[15] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[16] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). *See also Taylor*, 296 F.3d at 378.
[17] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[18] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[19] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[20] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## DISCUSSION

Considering Plaintiff's pro se status and the deficiencies of his complaint, the Court finds it appropriate to allow Plaintiff the opportunity to amend his complaint to address the issues raised by the Defendants' motion to dismiss. Because this case is still at an early stage in the proceedings, the Court finds that granting Plaintiff leave to amend will not cause Defendants any prejudice. Pursuant to Federal Rule of Civil Procedure 15(a), which provides that the Court should freely grant leave to amend "when justice so requires," the Court finds justice requires that Plaintiff be allowed to amend his complaint and specifically plead any allegations he may have against Smitty's Supply, Smith, and Ellis, in addition to any allegations he may have against other Defendants.[21] It would be premature to grant the motion to dismiss at this time, but the Defendants are free to re-urge their motion to dismiss in a timely fashion after Plaintiff's amended complaint is filed.

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

---

[21] *See Great Plains Trust*, 313 F.3d at 329.

**IT IS FURTHER ORDERED** that Plaintiff William Edwards amend his complaint by **Monday, November 16, 2015,** to: (1) identify each cause of action asserted, including the legal theories under which Defendants Smitty's Supply, Smith, and Ellis may be held personally liable and the facts that may justify such a finding; (2) identify the Defendants from whom he seeks recovery under each legal theory; and (3) allege facts sufficient to establish an entitlement to relief under those legal theories.

**New Orleans, Louisiana, this 2nd day of November, 2015.**

                                        **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**