UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAMS D. EDWARDS,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3223** |
| **SMITTY'S SUPPLY, INC., ET AL.,**<br>     **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion for sanctions filed by Plaintiff William D. Edwards.[1] Defendants Smitty's Supply, Inc.; Ed Smith; and Jimmy Ellis (collectively, the "Defendants") oppose the motion.[2] The Court has considered these briefs and the underlying circumstances and is prepared to rule. For the reasons that follow, the motion for sanctions is **DENIED**.

Plaintiff William Edwards seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure, arguing the Defendants failed to properly serve Plaintiff with their most recent motion to dismiss.[3] According to Plaintiff, the Defendants filed the motion to dismiss on December 1, 2015, but as of January 7, 2016, Plaintiff had yet to be served with a copy of the motion.[4] Because the Defendants represented that Plaintiff had been served with a copy of the motion, and because he purportedly was not served, Plaintiff contends the Defendants should be sanctioned for their conduct. Plaintiff specifically requests that the Court deny the Defendants' motion to dismiss and "impose any other remedy that the Court deems proper to prevent this type of behavior in the future."[5]

---

[1] R. Doc. 15.
[2] R. Doc. 16.
[3] R. Doc. 15 at 1–2.
[4] R. Doc. 15 at 1–2.
[5] R. Doc. 15 at 2.

1

"A sanction under Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."[6] The Court finds no reason to sanction the Defendants under the present circumstances. In this case, the Defendants electronically filed their motion to dismiss into the CM/ECF system and claim that, in addition to electronically filing the motion, they mailed a copy of the motion to the Plaintiff.[7] Although Plaintiff alleges he never received service,[8] the record reflects that the Defendants attempted to effect service on the Plaintiff.[9] Moreover, after realizing the Plaintiff did not receive a copy of the motion, the Defendants voluntarily moved to continue the motion's submission date, allowing the Plaintiff additional time to receive the motion and prepare an opposition.[10] The Court finds that, in light of the foregoing, the Defendants' conduct is not sanctionable under Rule 11. The Plaintiff's motion for sanctions is **DENIED**.

**New Orleans, Louisiana, this 23rd day of February, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Mark's Airboats, Inc. v. Thibodaux*, No. 6:13-0274, 2015 WL 1467097, at *2 (W.D. La. Mar. 27, 2015) (quoting *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014)).
[7] R. Doc. 16 at 1.
[8] To ensure service is properly effected in the future, the Plaintiff may provide the Clerk of Court with an email address to which the Clerk will forward copies of all pleadings electronically filed into the record. In addition to email service, the Plaintiff will continue to be served with all pleadings via domestic mail.
[9] *See generally* R. Doc. 16.
[10] R. Doc. 16 at 1–2.