UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM D. EDWARDS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-3223** |
| **SMITTY'S SUPPLY, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is the re-urged motion to dismiss of Defendants Smitty's Supply, Inc. ("Smitty's Supply"), Ed Smith, and Jimmy Ellis (collectively, "Defendants").[1] Plaintiff, William Edwards, opposes the motion.[2] For the reasons that follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## FACTUAL & PROCEDURAL BACKGROUND

On August 4, 2015, Plaintiff William D. Edwards, who is proceeding in this action pro se, filed a complaint for damages against Defendants Smitty's Supply, Ed Smith, and Jimmy Ellis under a variety of federal and state laws.[3] In substance, Plaintiff alleges that he worked for Smitty's Supply from February 2014 through August 2014, and during that time, he was addressed by some of his superiors and co-workers with "racial slurs" and was subjected to "behavior with distinctly racial overtones."[4] According to the Plaintiff, Defendants Ellis and Smith were employed by Smitty's Supply and engaged in conduct that contributed to the "discriminatory animus" he allegedly experienced.[5]

---

[1] R. Doc. 10.

[2] R. Doc. 21.

[3] R. Doc. 1. Plaintiff filed suit pursuant to 42 U.S.C. §§ 1915, 1981, 1982, 1983, and 1988 "for conspiracy to deprive and for the deprivation and denial of rights and privileges secured to Plaintiff, William D. Edwards, by the 14th Amendment to the U.S. Constitution, the Civil Rights Act of 1866, and the statutes of the State of Louisiana." R. Doc. 1 at 1. With respect to his state law claims, Plaintiff cites Louisiana Civil Code articles 2315 and 2317. R. Doc. 1 at 2; R. Doc. 8-1 at 7. Plaintiff also references Title VII of the Civil Rights Act of 1984.

[4] R. Doc. 1 at 4.

[5] R. Doc. 1 at 4–6.

In his complaint, Plaintiff asserts several due process and civil rights violations, as well as miscellaneous violations of other federal statutes and Louisiana Civil Code provisions, against Smitty's Supply, Ed Smith, and Jimmy Ellis.[6] Although it is somewhat unclear from the face of the complaint, it appears that Plaintiff seeks relief under Title 28, United States Code, Section 1915; Title 42, United States Code, Sections 1981, 1982, 1983, and 1988; Title VII of the Civil Rights Act of 1964; the 5th and 14th Amendments to the United States Constitution; and Louisiana Civil Code articles 2315 and 2317.

On September 29, 2015, the Defendants filed a motion to dismiss, seeking the dismissal of Plaintiff's complaint on several grounds.[7] The Court denied the motion to dismiss without prejudice, affording Plaintiff the opportunity to amend his complaint to more specifically plead his allegations and causes of action against each Defendant.[8] The Court ordered Plaintiff to file his amended complaint no later than November 16, 2015.[9] Plaintiff did not file an amended complaint prior to the deadline, nor did Plaintiff file one after the deadline lapsed. To date, an amended complaint has not been filed.

Defendants re-urged their motion to dismiss on December 1, 2015.[10] Because Plaintiff did not file an amended complaint, the Defendants' re-urged motion seeks the dismissal of the Plaintiff's original complaint. In their re-urged motion to dismiss, Defendants argue that Plaintiff's civil rights claims, *in globo*, fail because he "does not claim in his complaint – nor in good faith could he claim – that movers were somehow 'state actors' rather than private citizens."[11] According to Defendants, neither did Plaintiff "claim in his complaint – nor in good faith could he claim – that movers were somehow

---

[6] R. Doc. 1 at 6.
[7] R. Doc. 6.
[8] R. Doc. 9 at 4.
[9] R. Doc. 9 at 4.
[10] R. Doc. 10.
[11] R. Doc. 10 at 1.

acting 'under color of state law,'" which serves as another reason why Plaintiff's civil rights claims should be dismissed. With respect to Plaintiff's constructive discharge allegations under Title VII, Defendants argue that the Plaintiff has not set forth sufficient facts or adequately pleaded the necessary elements to state a plausible constructive discharge claim.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] However, the court does not accept as true legal conclusions or mere conclusory statements.[15] In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[16] As a general rule, however, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."[17]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[18] Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, "conclusory allegations or legal

---

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[14] *Id.*
[15] *Id.*
[16] *Twombly*, 550 U.S. at 555.
[17] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[18] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[20] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[21]

## **DISCUSSION**

As stated above, the Plaintiff seeks relief under a number of federal statutes and Louisiana state laws. Because Plaintiff did not file an amended complaint, the Court will consider the Defendants' motion to dismiss with respect to each of the Plaintiff's claims and causes of action, individually, as pleaded in his original complaint.

I.   Section 1915

Title 28, United States Code, Section 1915, governs proceedings *in forma pauperis*. Plaintiff cites Section 1915 in his complaint but does not identify the relief he seeks thereunder. On August 4, 2015, the Plaintiff filed a motion for leave to proceed *in forma pauperis*,[22] which the Magistrate Judge granted on August 5.[23] Since that date, Plaintiff has proceeded in this action without the pre-payment of costs. It is unclear what further relief, if any, Plaintiff seeks under Section 1915. Because Plaintiff has been granted *in forma pauperis* status, this cause of action is dismissed as moot.

---

[19] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[20] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[21] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[22] R. Doc. 2.
[23] R. Doc. 3.

II.    Section 1981

Title 42, United States Code, Section 1981 prescribes an independent cause of action against private employers for discrimination on the basis of race.[24] Section 1981(a) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981(b), in turn, defines the phrase "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." To state a claim for relief under Section 1981, the plaintiff must allege: (1) that he or she is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute.[25]

In this case, Plaintiff alleged in his complaint that he is an African-American male,[26] which satisfies the first factor.

With respect to the second factor, the "intent factor," the plaintiff must allege facts showing that, at the hands of the defendant(s), he was treated differently than similarly situated individuals who were not members of the protected class.[27] In this case, Plaintiff

---

[24] *See, e.g., Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001); *see also Charles v. Galliano*, No. 10-811, 2010 WL 3430519, at *4 (E.D. La. Aug. 26, 2010).

[25] *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). *See also Able Sec. and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 632 (E.D. La. 2008).

[26] R. Doc. 1 at 3–6.

[27] *See, e.g., Hall v. Continental Airlines, Inc.*, 252 F. App'x 650, 653–54 (5th Cir. 2007); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Taiyeb v. Farmer Ins. Grp.*, No. 4:01-CV-0103-E, 2001 WL 1478798, at *2 (N.D. Tex. Nov. 19, 2001) (citing *Riley v. ITT Fed. Servs. Corp.*, No. Civ.A. 3:99CV02362AWT, 2001 WL 194067, at *2 (D. Conn. Feb. 22, 2001) ("The intent element of a § 1981

alleges that, on one occasion, Defendants Ellis and Smith "said that there was not enough diversity in plaintiff's work area, and promptly went out and hired three (3) Caucasian workers and began them with the same pay rate as African American plaintiff and [the] other African Americans" employed by Smitty's Supply, despite the seniority of the African-American employees.[28] The Plaintiff also alleges that, on a different occasion, Defendant Ellis "went on a tirade and called [the Plaintiff] and other Blacks 'stupid m***** f*****' (which plaintiff interpreted to mean Blacks since Blacks were the only employees present)."[29] In light of the low burden required to defeat a motion under Rule 12(b)(6), the Court finds that these allegations are sufficient to satisfy the "intent factor" of the Section 1981 discrimination analysis at this stage of the proceedings.

Plaintiff's allegations are also sufficient to satisfy the third factor of the Section 1981 analysis at the Rule 12(b)(6) stage. Plaintiff, who was an at-will employee of Smitty's Supply, alleged in his complaint that a "contractual relationship existed between Defendant Smitty's Supply and African American male plaintiff William D. Edwards."[30] Indeed, the Fifth Circuit has held, as a matter of law, that even an at-will employee "stands in a contractual relationship with his employer and thus may maintain a cause of action under § 1981."[31] The Court thus finds Plaintiff's allegations sufficient with respect to the third factor at this Rule 12(b)(6) stage.

In summary, the Court finds that Plaintiff's allegations are sufficient to withstand a Rule 12(b)(6) motion to dismiss with respect to his Section 1981 claim.

---

claim may be satisfied by an allegation that similarly situated employees who are not members of the protected class were treated differently.")).

[28] R. Doc. 1 at 4.

[29] R. Doc. 1 at 5.

[30] R. Doc. 1 at 3.

[31] *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1049–50 (5th Cir. 1998). *See also Hall*, 252 F. App'x at 653; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000).

III.   Section 1982

Section 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." "Section 1982 was enacted to enable Congress to enforce the Thirteenth Amendment and, particularly, to prohibit all racial discrimination, private and public, in the sale and rental of property."[32]

To state a claim under Section 1982, the plaintiff must allege an impairment of the type of property interest protected by the statutory language.[33] The express language of the statute relates to "*real* or *personal* property." In this case, Plaintiff alleges he was discriminated against at his place of employment by his employer and certain co-workers. Courts in the Fifth Circuit and beyond have uniformly held that employment rights do not fall within the category of property protected by Section 1982.[34] Plaintiff has not otherwise alleged discrimination affecting any real or personal property rights protected by Section 1982. Therefore, the Court finds the Plaintiff has failed to state a plausible claim for relief under Section 1982, and his Section 1982 cause of action must be dismissed.

---

[32] *Evans v. Harry's Hardware*, No. Civ.A. 01-1276, 2001 WL 1190987, at *2 (E.D. La. Oct. 5, 2001) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437 (1968)).

[33] *See, e.g., Segura v. Tex. Dep't of Human Servs.*, No. Civ.A. SA00CA0229OG, 2001 WL 681748, at *7 (W.D. Tex. Feb. 14, 2001) (citing *City of Memphis v. Greene*, 451 U.S. 100, 123–24 (1981)).

[34] *See, e.g., Jackson v. Biedenharn*, No. 08-422-P, 2010 WL 3522439, at *3 (W.D. La. Aug. 30, 2010) (citing *Segura*, 2001 WL 681748, at *7); *see also See Krieger v. Republic Van Lines of Southwest, Inc.,* 435 F. Supp. 335, 337 (S.D. Tex. 1977) ("Section 1982 is limited on its face to discrimination with respect to property rights; and is therefore, not available to a plaintiff alleging sex discrimination."); *Schirmer v. Eastman Kodak Co.,* No. Civ. A. 86–3533, 1987 WL 9280, at *4 (E.D. Pa. Apr. 9, 1987) (dismissal of § 1982 claim, finding that employment rights are not "property" for purposes of the statute), *aff'd*, 869 F.2d 591 (3d Cir. 1989); *Rick Nolan's Auto Body Shop, Inc., v. Allstate Insurance Co.,* 711 F. Supp. 475, 476–77 (N.D. Ill. 1989) (granting dismissal of § 1982 claim, finding that employment rights are not "property" within the meaning of statute); *Jurado v. Eleven–Fifty Corp.,* 630 F. Supp. 569, 572 (C.D. Cal. 1985) (same), *aff'd*, 813 F.2d 1406 (9th Cir. 1987); *Abel v. Bonfanti*, 625 F. Supp. 263, 269 (S.D.N.Y. 1985) (same); *Evans v. Meadow Steel Products, Inc.,* 572 F. Supp. 250, 253 (N.D. Ga. 1983) (granting dismissal of plaintiff's § 1982 claim); *Roman v. Niagara Frontier Transit Metro System, Inc.*, 30 Fair Empl. Prac. Cas. (BNA) 1345 (W.D.N.Y. 1983) (granting dismissal of § 1982 claim on the basis that employment discrimination is not within the scope of statute); *Tate v. Hills–McCanna Co.,* 42 Fair. Empl. Prac. Cas. (BNA) 138 (N.D. Ill. 1982) (Rule 12(b)(6) dismissal granted, finding no "right to labor" under § 1982); *Johnson v. Duval County Teachers Credit Union,* 507 F. Supp. 307, 310 (M.D. Fla. 1980) (granting dismissal of § 1982 claim).

IV.   <u>Section 1983</u>

To state a claim under Section 1983, a plaintiff must allege that the person or entity that deprived him of a federal right was a state actor and was acting under the color of law.[35] When a plaintiff asserts a Section 1983 claim "against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law."[36] The plaintiff must show that the actions of the private defendant are "fairly attributable to the state."[37] If the actions of the private defendant are not fairly attributable to the state, that action is an "insufficient predicate on which to base constitutional claims under § 1983."[38]

In this case, the Plaintiff attempts to show state action by alleging that "Defendant Smitty's Supply benefits from certain Louisiana State tax incentives and that said defendant is an agent of the State of Louisiana by participating in the legal activity of paying Louisiana State taxes."[39] Based on this allegation, Plaintiff asks the Court to "examine [his] claims outside of the traditional context" to find state action.[40] This is the extent of the Plaintiff's allegations that the Defendants were state actors and acted under the color of law.

Even accepting his allegations as true, the Court finds the Plaintiff has not stated a claim for relief under Section 1983 that is plausible on its face. Plaintiff's allegations that Defendant Smitty's Supply benefits from tax incentives is conclusory and, even if it was not, does not establish that the Defendants' alleged conduct can fairly be attributed to the

---

[35] *See, e.g., James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).
[36] *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)).
[37] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[38] *Maynard v. Price Realty Co.*, No. 3:03-CV-2030-R, 2003 WL 22976185, at *3 (N.D. Tex. Dec. 8, 2003).
[39] R. Doc. 8-1 at 2.
[40] R. Doc. 8-1 at 2.

state.[41] The Plaintiff has not even alleged that the Defendants' conduct as it relates to his claims against them, in one way or another, is fairly attributable to the state. Having considered the allegations in the complaint, the Court finds the Plaintiff has failed to adequately show that the Defendants were state actors acting under the color of state law. For that reason, Plaintiff's Section 1983 claim is not cognizable as a matter of law and must be dismissed.

V.    Section 1988

      Plaintiff alleges an entitlement to attorneys' fees under Section 1988. Section 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The Court, having found that Plaintiff's Section 1981 claim survives Rule 12(b)(6) dismissal,[42] likewise concludes that Plaintiff's claims under Section 1988 are not subject to dismissal at this stage.

VI.   Fifth & Fourteenth Amendments to the United States Constitution

      Plaintiff seeks relief under the Fifth and Fourteenth Amendments to the United States Constitution and, specifically, their guarantees of equal protection under the law.[43] The Fourteenth Amendment applies only to state actors,[44] and the Fifth Amendment only to federal actors.[45] The Defendants in this case are not state actors, nor are they federal actors. For these reasons and those stated above with respect to Plaintiff's Section 1983

---

[41] *See, e.g., Yeager v. City of McGregor*, 980 F.2d 337, 340 (5th Cir. 1993) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1012 (1982) (finding that nursing home was not state actor solely because it received state subsidies)).

[42] *Supra*, Part II.

[43] R. Doc. 1 at 6.

[44] *See Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999); *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996); *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

[45] *Richard v. Hinson*, 70 F.3d 415, 416–17 (5th Cir. 1995), *cert. denied*, 518 U.S. 1004 (1996); *Blackburn v. City of Marshall*, 42 F.3d 925, 930 n.3 (5th Cir. 1995).

claim, Plaintiff has not pleaded plausible claims for relief under the Fifth and Fourteenth Amendments to the United States Constitution. Therefore, any claims brought by Plaintiff under the Fifth and Fourteenth Amendments must be dismissed.

VII.   Title VII, Constructive Discharge Claim

In his complaint, Plaintiff alleged that, "[b]ecause of the presence and operation of an invidious discriminatory animus, defendants' conduct became so intolerable that said conduct by Defendants Smitty's Supply, Ed Smith[,] and Jimmy Ellis effectively constructively discharged plaintiff from employment on August 7, 2014."[46] In moving to dismiss this action, Defendants contend the Plaintiff has pleaded neither sufficient facts nor the necessary elements to establish a Title VII constructive discharge claim.[47] Specifically, Defendants argue that the Plaintiff's "factual assertions" with respect to his constructive discharge claim are merely "naked assertions" without sufficient factual support and, for that reason, do not withstand scrutiny at the Rule 12(b)(6) motion-to-dismiss stage.[48]

Exhaustion of administrative remedies is a prerequisite to filing a Title VII claim.[49] "Under Title VII, courts do not have jurisdiction to consider claims lodged under this statute when the aggrieved party has not first exhausted [his or] her administrative remedies by filing a discrimination charge with the EEOC."[50] Further, a civil lawsuit filed under Title VII is "limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[51] However, "to protect

---

[46] R. Doc. 1 at 6.
[47] R. Doc. 10-1 at 2.
[48] R. Doc. 10-1 at 5.
[49] *See, e.g., Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).
[50] *Harvill v. Westward Commc'n, LLC*, 311 F. Supp. 2d 573, 585 (E.D. Tex. 2004) (citing *Dollis*, 77 F.3d at 781).
[51] *Sanchez*, 431 F.2d at 466. *See also Calmes v. JPMorgan Chase Bank*, 943 F. Supp. 2d 666, 681–82 (E.D. La. 2013).

uneducated workers, the scope of an EEOC charge should be liberally construed for litigation purposes,"[52] especially when the charge was authored by an "unlawyered complainant[]."[53] Thus, when evaluating administrative exhaustion, courts ask "whether the charge 'stated sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges.'"[54]

Plaintiff filed a charge of discrimination with the EEOC on October 21, 2014.[55] The charge is attached to Plaintiff's complaint as Exhibit 1. Although this matter is before the Court on a Rule 12(b)(6) motion to dismiss, the Court will consider Plaintiff's charge of discrimination filed with the EEOC because it is referred to in his compliant, is attached thereto, and is central to his Title VII constructive discharge claim.[56] Plaintiff stated in his EEOC charge:

> I have been employed by Smittys Supply [since] February 18, 2014. Approximately August 7, 2014, I was subjected to harassment in the form of racial name-calling. I was called N***** by Jimmy Ellis. I experienced other situations with Supervisors and Managers that made me feel uncomfortable. I was constructively discharged on the same day as a Line Leader earning $12.00 per hour. The company employs more than 200 employees.

---

[52] *Senegal v. Suddenlink Commc'n*, No. 2:14-cv-3447, 2016 WL 595482, at *2 (W.D. La. Feb. 11, 2016) (internal quotation marks omitted) (quoting *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)).

[53] *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 452 (5th Cir. 1983). *See also Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 796 (S.D. Tex. 2011).

[54] *Vicknair v. La. Dep't of Public Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014) (quoting *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272–73 (5th Cir. 2013)).

[55] R. Doc. 1-1.

[56] *See, e.g., Senegal*, 2016 WL 595482, at *2 n.25 ("Even though this is a 12(b)(6) motion, the court will consider these documents because they were referenced in the complaint and they are undisputed."); *Turberg v. Quarterman*, No. H-08-3522, 2009 WL 3614852, at *2 (S.D. Tex. Oct. 27, 2009) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)) ("Under Rule 12(b)(6), 'courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'"); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

> No reason was given for the action[s] taken against me. I left my job because I could not stand being further disrespected by anyone.
>
> I believe I have been discriminated against because of my race, Black[,] in violation of Title VII of the Civil Rights Act of 1964, as amended.[57]

The EEOC issued Plaintiff a "Dismissal and Notice of Rights" on May 11, 2015.[58] The form stated, in part, that "[t]his will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed within 90 days of your receipt of this notice."[59] Plaintiff filed suit on August 4, 2015, within 90 days of the date on the notice.[60] Based on the foregoing, the Court finds that the Plaintiff administratively exhausted his Title VII constructive discharge claim with the EEOC. He is not precluded from bringing his Title VII claim in this court for lack of exhaustion. The Court will now determine whether Plaintiff's constructive discharge claim, on the merits, survives Rule 12(b)(6) dismissal.

A constructive discharge occurs when the employer makes working conditions "so intolerable that a reasonable employee would feel compelled to resign."[61] The working conditions must have been "so difficult or unpleasant that [a] reasonable person in [the plaintiff's] shoes would have felt compelled to resign."[62] In assessing whether a plaintiff has pleaded a viable constructive discharge claim, courts consider a variety of factors, including the following:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's

---

[57] R. Doc. 1-1.
[58] R. Doc. 1-2.
[59] R. Doc. 1-2.
[60] *See generally* R. Doc. 1.
[61] *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 771 (5th Cir. 2001). *See also Junior v. Texaco, Inc.*, 688 F.2d 377, 378 (5th Cir. 1982); *Young v. Sw. Sav. & Loan Ass'n*, 509 F.2d 140, 144 (5th Cir. 1975).
[62] *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 741 (5th Cir. 1993), *cert. denied*, 510 U.S. 1046 (1994).

resignation; or (6) offers of early retirement that would make the employee worse off whether the offer was accepted or not.[63]

In this case, Plaintiff's Title VII constructive discharge claim is based on conduct that, on its face, fits only within the fifth factor. That is, the Plaintiff's claim is based on allegations of race-based harassment by his Caucasian supervisors and co-workers. For example, Plaintiff alleges in his complaint that, during his employment at Smitty's Supply, the company hired several Caucasian workers and started them at the same rate of pay that he and other African-American employees earned, despite the latter's seniority.[64] Also, Plaintiff alleges that he was required to train newly hired Caucasian employees "to perform the same labors as him, in order to replace plaintiff when the need arose."[65] The Plaintiff further alleges that Defendants Ellis and Smith, in his presence, referred to African-Americans in derogatory terms, such as "jiggaboos."[66] According to Plaintiff, the foregoing actions created an environment at Smitty's Supply "so intolerable" that he was constructively discharged on August 7, 2014.[67]

Taking the allegations as true, the Court finds them sufficient at this stage to show that Plaintiff was "harassed," "discriminated against," or "humiliated" by his co-workers and supervisors. Constructive discharge, however, requires more than just harassment, discrimination, or humiliation. The employer's challenged conduct must be "calculated to encourage the employee's resignation."[68] Plaintiff does not allege, nor can it be inferred, that the harassment, discrimination, and/or humiliation he experienced was calculated to encourage his resignation. Nowhere in the complaint are allegations that the Plaintiff

---

[63] *Hunt*, 277 F.3d at 771–72.
[64] R. Doc. 1 at 4.
[65] R. Doc. 1 at 5.
[66] R. Doc. 1 at 5.
[67] R. Doc. 1 at 6.
[68] *Hunt*, 277 F.3d at 772.

experienced racial discrimination at the hands of his supervisors who acted in a calculated manner with the intent to cause Plaintiff to resign.

Although the allegations in the complaint are sufficient to withstand Rule 12(b)(6) dismissal on Plaintiff's race discrimination claim under Section 1981 (*see, infra*), the allegations do not state a plausible claim for constructive discharge based on that race discrimination. Plaintiff's allegations do not set forth sufficient factual matter to show the alleged racial discrimination was calculated to encourage Plaintiff's resignation from employment and was so intolerable that Plaintiff had no choice but to resign. For those reasons, the Court finds Plaintiff's Title VII constructive discharge claim must be dismissed.

VIII.   <u>Equal Pay Act</u>

Plaintiff alleges that he "and at least two other African American employees were discriminated against under the Equal Pay Act [by] Defendant Ellis[]."[69] The Equal Pay Act, 29 U.S.C. § 206(d), prohibits an employer from discriminating "between employees on the basis of *sex*" by compensating male employees and female employees differently for equal work.[70] To state a claim under the Equal Pay Act, the plaintiff must show that (1) his employer is subject to the Act; (2) he performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) he was paid less than an employee of the opposite sex providing the basis of comparison.[71]

---

[69] R. Doc. 1 at 5.

[70] 29 U.S.C. § 206(d)(1) (emphasis added). *See also Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001); *Wiltz v. Christus Hosp. St. Mary*, No. 1:09-CV-925, 2011 WL 1576932, at *6 (E.D. Tex. Mar. 10, 2011); *Holiday v. City of Dallas, Tex.*, No. Civ.A. 3:98CV-2622D, 1999 WL 58220, at *1 (N.D. Tex. Feb. 2, 1999).

[71] *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993); *Jones v. Flagship Int'l*, 793 F.2d 714, 722 (5th Cir. 1986).

In this case, Plaintiff does not allege discrimination on the basis of sex. Rather, Plaintiff's claims, to the extent they are cognizable, are that he was discriminated against on the basis of race, including discrimination in the form of unequal pay as compared to non-African American employees. As a matter of law, the Equal Pay Act does not apply to claims of race discrimination.[72] The Equal Pay Act applies only to claims of discrimination on the basis of gender.[73] Because Plaintiff does not allege gender discrimination, his claims under the Equal Pay Act must be dismissed.

IX.   <u>Louisiana Civil Code articles 2315, 2317</u>

The opening paragraph of Plaintiff's complaint cites the "statutes of the State of Louisiana" as one of the avenues pursuant to which Plaintiff seeks relief. However, the only state laws that Plaintiff refers to with specificity are Louisiana Civil Code articles 2315 and 2317.[74]

Article 2315 is Louisiana's general tort article. "[Article 2315] represents the very foundation upon which all tort law in Louisiana has been constructed; it provides the causes giving rise to tort actions and denominates the persons who possess the right to assert such causes of action, as well as the preferences among the different categories of such claimants."[75] The causes of action contemplated by article 2315 include claims for negligence and intentional torts.[76] In this case, Plaintiff did not allege in his complaint the

---

[72] *McLin v. Chiles*, No. 3:14cv636-DPJ-FKB, 2015 WL 898280, at *4 (S.D. Miss. Mar. 3, 2015); *Mims v. General Motors*, No. 3:09cv617-DPJ-FKB, 2011 WL 4454932, at *10–11 (S.D. Miss. Sept. 23, 2011) ("To the extent the claim is based on anything other than sex, it finds no recourse in the EPA . . . ."); Rhone *v. Tex. Dep't of Transp.*, No. CA3:96-CV-1147-BC, 1997 WL 560770, at *10 (N.D. Tex. Aug. 29, 1997); *Williams v. Wal-Mart Stores, Inc.*, 882 F. Supp. 612, 616 (S.D. Tex. 1995).
[73] *Woodson v. Miss. Space Servs./Computer Sci. Grp.*, No. 1:05cv426WJG-JMR, 2007 WL 2012809, at *4–5 (S.D. Miss. July 6, 2007) (citing *County of Wash., OR v. Gunther*, 452 U.S. 161, 172 (1981)).
[74] *See* R. Doc. 1 at 6.
[75] *Dupree v. Belton*, No. 10-1592, 2013 WL 701068, at *9 (W.D. La. Feb. 26, 2013) (quotations omitted) (quoting *Hightower v. Dr. Pepper Bottling Co. of Shreveport, Inc.*, 117 So. 2d 642, 654 (La. Ct. App. 1959).
[76] *See, e.g., Samuel v. United Health Servs.*, No. 06-7234, 2010 WL 2428107, at *10 (E.D. La. June 4, 2010) (citing *Peters v. Allen Parish Sch. Bd.*, 08-0323, p. 4 (La. App. 3 Cir. 11/5/08), 996 So. 2d 1230, 1233) ("Under Louisiana law, intentional tort claims, like negligence claims, are contemplated under the general

specific cause of action, be it for negligence or an intentional tort, brought under article 2315. Neither does Plaintiff identify the Defendant or Defendants against whom his cause of action under article 2315 is maintained. In sum, Plaintiff does not set forth factual allegations in support of his claim that would entitle him to relief. Plaintiff's article 2315 cause of action must be dismissed for these reasons.

Plaintiff's cause of action under article 2317 fails for the same reasons.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

The motion is **GRANTED** to the extent that all of Plaintiff's claims bar his Section 1981 and 1988 claims are **DISMISSED**.

The motion is otherwise **DENIED**.

**New Orleans, Louisiana, this 11th day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

concept of fault embodied in Civil Code article 2315."); *Granda v. State Farm Mut. Ins. Co.*, 04-2012, p. 5 (La. App. 1 Cir. 2/10/06), 935 So. 2d 698, 701–02.